## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN BOWEN | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| PARKER COUNTY, THE CITY OF | § | |
| WEATHERFORD, THE CITY OF | § | Civil Action No. |
| MINERAL WELLS and PARKER | § | US CONSTITUTION and |
| COUNTY SPECIAL CRIMES UNIT | § | AMENDMENTS |
| OFFICERS , RICHARD HARRIS, | § | 42 USC 1981 |
| BRANDON POOL, and CHE LOA, each | § | 42 USC 1983 |
| Individually and in their Official Capacities | § | 42 USC 1985(3) |
| | § | 42 USC 1988 |
| Defendants. | § | Pendent State Actions |
| | § | Violation of Civil Rights et al |
| | § | |
| | § | |

## ORIGINAL COMPLAINT & APPLICATION
## FOR INJUNCTIVE RELIEF

### A.    INTRODUCTION

1.    Plaintiff Stephen Bowen brings this action for compensatory damages and punitive damages against Defendants, Parker County, The City of Weatherford, The City of Mineral Wells and Parker County Special Crimes Unit Officers Richard Harris, Brandon Pool and Che Loa ("Defendants") each individually and in their official capacities.  Defendants, jointly and severally, denied Stephen Bowen the civil rights and civil liberties guaranteed him by the Constitution and laws of the United States and the State of Texas when Officers Harris, Pool and Loa, acting recklessly, intentionally and under color of authority, physically assaulted, severely beat and unlawfully restrained Stephen Bowen in front of his family's home and son.

2.      The circumstances of this horrifying incident, as described by various witnesses, not only shine a light on Defendants' random, unprovoked and unauthorized acts, but also, reveal a stark look at the illegal policies, customs and practices of the Defendants.  It was precisely these historically, well-documented customs and practices which motivated the Defendants to callously disregard Mr. Bowens' rights.

3.      Defendants caused the physical pain and suffering and mental anguish which forms the basis of this lawsuit.  The recognition, affirmation and vindication of Stephen Bowen's civil rights and civil liberties as a citizen of the State of Texas and the United States of American are sought by this action so as to dispel any future notions by Defendants that Stephen Bowen, or any other citizen, can be so callously beaten and restrained and denied their civil rights and civil liberties in contravention of federal and state constitutional rights and laws.

**B.      JURISDICTION**

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1343 and its pendent jurisdiction over claims under Texas law.  The recovery of damages and injunctive relief are authorized by 42 U.S.C. §§ 1981, 1983, 1985(3) and 1988.

**C.      PLAINTIFF**

5.      Plaintiff Stephen Bowen, is a resident of the City of Fort Worth, Tarrant County, Texas.

**D.      DEFENDANTS**

6.      Defendant County of Parker, Texas, is a legally recognized and organized governmental entity pursuant to the Texas constitution and state law.  Incidental to its duties as a governmental entity, Parker County, organized and maintained, at all times material hereto, a special crimes unit.  The responsibility for the

selection, training, supervision, and operation of the special crimes unit, and its individual officers, was borne by Parker County, acting through its duly elected and selected administrative officers and representatives.

7.      Defendant the City of Weatherford, Texas, is a legally recognized and organized governmental entity pursuant to the Texas constitution and state law. Incidental to its duties as a governmental entity, the City of Weatherford, organized and maintained, at all times material hereto contributed police officers to the Parker County special crimes unit.  The responsibility for the selection, training, supervision, of the special crimes unit, and its individual officers, was borne by the City of Weatherford, acting through its duly elected and selected administrative officers and representatives.

8.      Defendant the City of Mineral Wells, Texas, is a legally recognized and organized governmental entity pursuant to the Texas constitution and state law. Incidental to its duties as a governmental entity, the City of Mineral Wells, organized and maintained, at all times material hereto contributed police officers to the Parker County special crimes unit.  The responsibility for the selection, training, supervision, of the special crimes unit, and its individual officers, was borne by the City of Mineral Wells, acting through its duly elected and selected administrative officers and representatives.

9.      Defendant Richard Harris, was, at all times material hereto, employed by the City of Mineral Wells and worked with Parker County as a police officer in the special crimes unit.  Defendant may be served with process at his place of employment, Parker County Sheriff's Office, 129 Hogle Street, Weatherford, Texas 76086.

10.      Defendant Brandon Pool, was, at all times material hereto, employed by the City of Weatherford and worked with Parker County as a police officer in the special

crimes unit.  Defendant may be served with process at his place of employment, Parker County Sheriff's Office, 129 Hogle Street, Weatherford, Texas 76086.

11.     Defendant Che Loa, was, at all times material hereto, employed by the City of Weatherford and worked with Parker County as a police officer in the special crimes unit.  Defendant may be served with process at his place of employment, Parker County Sheriff's Office, 129 Hogle Street, Weatherford, Texas 76086.

### E.     FACTS

12.     With callous disregard for the safety of Stephen Bowen, Defendant police officers Harris, Pool and Loa, with excessive force and brutality, beat and restrained Stephen Bowen as he lawfully stood on the porch of his family's home.

13.     In 2012 there was a wave of crimes in Aledo involving criminals posing as police officers to gain entry into residences.  The problem was so substantial that both the Aledo Independent School District and City of Aledo had issued warnings to residents to be aware of these criminals that were terrorizing the citizens of Aledo.

14.     On September 27, 2012 Stephen Bowen was at his family's home in Aledo, taking care of his son who was recovering from having all four of his wisdom teeth removed that afternoon.  His son, still heavily medicated, had pooling blood in his mouth that required the gauze to be changed on a regular basis.  Despite suffering from a severe ear infection that was affecting his hearing and for which he was taking two prescription antibiotics for, Stephen Bowen was caring for his son and changing the bloody gauze out, when there was an exceptionally loud bang at the front door.

15.     Stephen Bowen, not wearing his prescription glasses, peered through the door and saw the silhouettes of three large men at the front door.  Warily, Stephen opened the door and stepped out onto the porch, closing the door behind him.    One a

large, heavy set man was wearing black clothes, black sunglasses and had a long beard. Another large man was wearing black clothes. A third tall man wearing a grey t-shirt and baseball cap stepped forward and thrust, what appeared to be a police badge, towards him saying something about police. Stephen, not able to see the badge or audibly hear asked to see the badge again and held out his hand.

16.     Immediately and without provocation he was violently set upon by all three men. They screamed at him, fiercely struck him, and grabbed both arms, smashing him into the wall. They stomped on his left knee driving him into the walkway. Stephen, fearing for the safety of his injured son, began screaming to his son to call 911 and lock the door believing these mean were clearly the criminals the school and city had been warning residents about.

17.     Stephen was able to struggle to his feet while the largest of the three men clasped his arms violently behind his back and tightly handcuffed him. His left knee which had been severely struck gave way and he collapsed at which point the three men again savagely attacked him. The tallest of the three men wrapped his arms around Stephens neck, lifting him off the ground and choking the breath out of him. The largest of the three still holding his arms behind his back began to stomp on his left knee repeatedly. The bearded man began hitting Stephen repeatedly in the rib cage and torso.

18.     Stephen lost consciousness and when he came to he was face down on the concrete. He was dragged over and thrust forcefully into the back of a Parker County Sheriff's truck. A uniformed police officer came over and helped Stephen straighten his legs out by opening the door and allowing his legs to hang out bringing great relief to his painfully damaged knee. The other three men, who now Stephen understood to be

undercover police officers, forced his legs back into the truck.  The uniformed sheriff on three different occasions opened the door to let Stephen stretch out his injured leg; however; each time, the undercover officers forced his injured leg back into the truck.

19.     The door was locked and with the windows closed the temperature rose quickly, sweating profusely Stephen soon passed out again.  Luckily a uniformed officer saw him and pulled him from the truck, into the breeze of the night air and poured water into his mouth and down his torso, all the while apologizing profusely.

20.     Stephen was transported to a jail, where he was stripped naked, searched and left in a cell for 4-5 hours.  The police then photographed him and took his fingerprints.  They asked him to sign some documents, which he could not read due the lack of his prescription glasses, which he signed and was released.

21.     Stephen went to seek medical treatment for his injuries suffered at the hands of the individual Defendants.    He had bruises and cuts for several weeks after the incident and he will have to have knee surgery to repair the damage caused by the beating.

22.     It is important to note the following irrefutable facts in light of this unwarranted attack on Stephen Bowen: (1) Stephen Bowen has no criminal history and has never been arrested before the night of September 27, 2012; (2) many of his family members work for Metro police in London; (3) the undercover police officers did not have a warrant to search the house; (4) the District attorney for Parker County has refused to press charges against Stephen Bowen; (5) no one ever read Stephen Bowen his Miranda rights; and, (6) no one ever told Stephen what he was being arrested or held for.

23. Stephen Bowen, a law abiding citizen with no criminal history while taking care of his injured son, in his family's home, was for no reason severely beaten and unlawfully restrained by police officers, sworn to serve and protect.

24. Neither Stephen Bowen nor any other citizens of Parker County, Texas, have any other remedy at law to protect themselves from the Defendants' callous, unprovoked acts in violation of their federal and state protected civil rights but for the intervention of the federal court requiring the individual Defendants, jointly and severally, to compensate Stephen Bowen for the injuries suffered by him and enjoining future similar conduct by the Defendants which, if not stopped, will likely lead to the continued violation of civil rights of citizens living in Parker County.

25. At the time and place stated above, the Defendant police officers were acting in their official capacity as police officers of the Special Crimes Unit for Parker County, and by their intentional acts, under the color of authority, and using official oppression, violated the civil rights of and caused the injuries to and deprived Stephen Bowen of his constitutional rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §§ 1981, 1983 and 1985(3).

26. At the time of the event in question, Defendants, through their intentional acts of malfeasance, omissions, neglect, failures in establishing proper police procedure and failure to train, deprived Stephen Bowen of his constitutional rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C., §§ 1981, 1983 and 1985(3), or, alternatively, Defendants were negligent proximately resulting in the injuries and damages suffered by Stephen Bowen.

27. Defendants Parker County, the City of Weatherford and the City of Mineral Wells were negligent in the hiring, training, supervising and maintaining

public servants of the quality and character of the individual Defendant police officers. Defendants Parker County, the City of Weatherford and the City of Mineral Wells were grossly negligent in entrusting deadly weapons and the keeping of the peace to these persons, and placing them in positions where they could create and cause such deprivation of rights and liberties and endanger citizens they were bound by oath and employment to protect.   This failure proximately caused the injuries and damages suffered by Stephen Bowen.

28.   Defendants Parker County, the City of Weatherford and the City of Mineral Wells instituted, authorized, ratified and/or approved the conduct exhibited by the individual Defendant police officers.  Such conduct constituted the deprivation of the civil rights and civil liberties of Stephen Bowen.   Additionally, Defendants Parker County, the City of Weatherford and the City of Mineral Wells instituted policies which created a climate in which the type of callous behavior exhibited by said individual Defendant police officers was allowed to occur.  Defendants Parker County, the City of Weatherford and the City of Mineral Wells expressly ratified and approved such violent behavior by its police officers by failing to take appropriate disciplinary measures and by ignoring abusive conduct on the part of its police officers.   Additionally, Defendants Parker County, the City of Weatherford and the City of Mineral Wells ratified and condoned the abusive behavior of the individual Defendant police officers by failing to institute appropriate disciplinary systems and by allowing this abusive and violent brutality to go unpunished and by allowing such police officers to remain on the police force.  Additionally, the official policy authorizing, ratifying, allowing and/or approving such conduct, which is so common and settled, constitutes a custom that fairly represents municipal policy.

## CAUSES OF ACTION

**F.      COUNT 1 – 42 U.S.C. § 1981**

29.      The allegations contained in Paragraphs 1-28 are incorporated herein by reference, the same as fully set forth verbatim.

30.      Defendants, jointly and severally, intentionally and/or recklessly denied Stephen Bowen the full and equal benefit of all laws as is enjoyed by other citizens, including the right to be free from the use of deadly force and the enjoyment of equal protection and due process guaranteed by Fourth and Fourteenth Amendments to the United States Constitution, which caused Plaintiff's damages as alleged herein.

**G.      COUNT 2 – 42 U.S.C. § 1983**

31.      The allegations contained in Paragraphs 1 through 30 are incorporated herein by reference the same as if fully set forth verbatim.

32.      Defendants, acting under color of state law, deprived Stephen Bowen the rights, privileges, and immunities secured by the Constitution and laws of the United States, including those rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, by performing the following acts:

  a.  Subjecting Stephen Bowen to unreasonable excessive force, resulting in his physical pain and suffering;

  b.  Interfering with Stephen Bowen's rights to seek redress for his injuries and suffering by covering up law enforcement misconduct and filing false police reports;

  c.  Failing to establish proper police procedure for the use of excessive force against a citizen with no probable cause;

    d.   Failing to establish proper police procedure for the use of excessive force against a citizen when engaging in simple investigations without any probable cause;

    e.   Affirmatively establishing a policy that bars a victim from obtaining the results of internal and external investigations.

    f.   Intimidating witnesses and members of the communities where the incident occurred by a habit of using excessive force and threatening criminal prosecution against innocent citizens.

**H.**    **COUNT 3 -- 42 U.S.C. § 1985(3)**.

33.    The allegations contained in Paragraphs 1 through 32 are incorporated herein by reference the same as if fully set forth verbatim.

34.    Defendants, two or more of them, conspired for the purpose of:

    a.   Depriving Stephen Bowen of equal protection of the law;

    b.   Depriving Stephen Bowen of due process of law; and

    c.   Hindering the constituted authorities from giving or securing equal protection and due process of law to all persons on the basis of race, and national origin.

**I.**    **COUNT 5 -- PENDENT STATE CLAIMS**

35.    The allegations contained in Paragraphs 1 through 34 are incorporated herein by reference the same as if fully set forth verbatim.

36.    As a pendant state cause of action, Defendants, individually and in their official capacities, by acts and/or omissions and under the color of state law, intentionally, knowingly and/or recklessly violated Stephen Bowen's state

constitutional right to be free from discrimination, denial of due process and equal protection under the Texas state constitution and laws.

37.     As a pendent state cause of action, Defendants, individually and in their official capacities, by acts and/or omissions and under the color of state law, intentionally, knowingly and/or recklessly caused, or threatened to cause, injury to Stephen Bowen.   The force used against Stephen Bowen was unreasonable and constituted aggravated assault under the laws of the State of Texas, Texas Penal Code §22.02.

38.     As a pendent state cause of action, Defendants, individually and in their official capacities, by acts and/or omissions and under the color of state law, intentionally, knowingly and/or recklessly caused, or threatened to cause, injury to Stephen Bowen.  The force and actions against Stephen Bowen was unreasonable and constituted unlawful restraint in violation of the laws of the State of Texas, Texas Penal Code §20.02.

39.     As a pendent state cause of action, Defendants, individually and in their official capacities, by acts and/or omissions and under the color of state law, intentionally, knowingly and/or recklessly caused, or threatened to cause, injury to Stephen Bowen.  The force and actions against Stephen Bowen was unreasonable and constituted official oppression in violation of the laws of the State of Texas, Texas Penal Code §39.03.

## J.     COUNT 6 – APPLICATION FOR INJUNCTION

40.     The allegations contained in Paragraphs 1 through 39 are incorporated herein by reference the same as if fully set forth verbatim.

41.     Pursuant to 42 U.S.C. Sect. 1981 and 1983, Defendants are liable for and must be enjoined from committing such illegal acts and civil rights violations as have been exhibited in the events that led to the physical injuries and unlawful restraint of Stephen Bowen.   In addition, Defendants are liable for and must be enjoined from the illegal acts and civil rights violations that Parker County, the City of Weatherford and the City of Mineral Wells engaged in following the injuries to Stephen Bowen.   The protection of Stephen Bowen and every other citizen in Parker County requires that this Court issue an order enjoining Parker County, the City of Weatherford and the City of Mineral Wells from:

      a.   Continuing to promulgate, enforce and maintain an ineffective and illegal policy for use of excessive force.  Future policies must ban excessive force against innocent citizens;

      b.   Continuing to promulgate, enforce and maintain an ineffective and illegal policy for use of excessive force against innocent citizens;

      c.   Failing to properly train officers in how to respond to non-emergency situations; and,

      d.   Maintaining its policy that results in the aiding and cover-up of civil rights and criminal violations by barring the release of external and internal investigations of civil rights violations on the pretext that: 1) the investigation may be needed in a criminal case (even after the case is presented to a grand jury); or 2) that the internal investigation is "ongoing" well beyond the time period for any reasonable investigation period.

42.     Plaintiff asks the Court to set their application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against the Defendants.

### K.     COMPLIANCE WITH NOTICE PROVISIONS

38.     Plaintiff timely presented their claims to Defendants as required by Texas State law.

### L.     DAMAGES

39.     As a direct and proximate result of the Defendants' conduct and the occurrence made the basis of this lawsuit, Plaintiff sustained damages in at least the following respects:

     a.     Past and future physical pain and suffering;

     b.     Past and future mental anguish;

     c.     Medical expenses sustained in the past;

     l.     Pre- and post-judgment interest at the highest rate permitted by law.

### M.     ATTORNEY FEES

43.     As a direct causal result of the Defendants' illegal actions, it was necessary for Plaintiff to employ the legal services of undersigned counsel to file and prosecute this lawsuit.  Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. Sect. 1988(b) and other State and Federal laws.

### N.     PLAINTIFFS' DEMAND FOR JURY TRIAL

44.     Plaintiffs' asserts his right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

O.      **PRAYER**

WHEREFORE, Plaintiff prays that Defendants be served with citation and process and that, upon trial of this matter, an award be ordered in favor of Plaintiff and against Defendants, jointly and severally; that the Plaintiff recover, jointly and severally, exemplary damages against each of the individual Defendants in an amount sufficient to punish each of the individual Defendants and that is sufficient to punish and/or to deter and make an example of those Defendants in order to prevent similar conduct in the future; and that an award also issue for reasonable and necessary attorneys' fees and expenses of litigation, court costs, pre-judgment and post-judgment interest, the injunctive relief requested hereinabove, and any other general relief in law or in equity to which Plaintiff may be justly entitled.

Dated:      May 9, 2014.

Respectfully submitted,


\_\_\_s/Robert J. Myers\_\_\_
**Robert J. Myers**
State Bar No. 14765380
**John J. Shaw**
State Bar No. 24079312

**MYERS ★ HILL**
2525 Ridgmar Blvd., Ste. 150
Fort Worth, TX 76116
Tel: (817) 731-2500
Fax: (817) 731-2501
rmyers@myers-hill.com
jshaw@myers-hill.com


\_\_\_s/Matthew W. Bobo\_\_\_
**Matthew W. Bobo**
State Bar No. 24006860

**Law Office of Matthew W. Bobo, PLLC**
3500 Hulen Street, Ste. 100
Fort Worth, Texas  76107
Telephone: (817) 529-0774
Facsimile: (817) 698-9401
mbobo@mwblawyer.com


**ATTORNEYS FOR THE PLAINTIFF**